IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CR-462

UNITED STATES OF AMERICA  )
                          )
v.                        )        **ORDER**
                          )
ROBERT KEVIN BODDIE,      )
                          )
            Defendant.    )

On April 14, 2025, Robert Kevin Boddie ("Boddie" or "defendant"), proceeding pro se, moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2019) (codified as amended at 18 U.S.C. § 3582) [D.E. 73]. On August 25, 2025, the case was reassigned to this court [D.E. 74]. On March 11, 2026, the United States responded in opposition to Boddie's motion for compassionate release [D.E. 77] and filed exhibits [D.E. 77-1, 78]. As explained below, the court denies Boddie's motion for compassionate release.

I.

On February 11, 2020, with a written plea agreement, Boddie pleaded guilty to Hobbs Act robbery (count one), brandishing a firearm during a crime of violence (count two), and possession of a firearm by a felon (count three). See [D.E. 23, 24]. On November 17, 2022, Judge Terrence Boyle held a resentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 28]; PSR Am. [D.E. 56]; [D.E. 58]. The court calculated Boddie's total offense level to be 21, his criminal history category to be VI, and his advisory guideline range on count one and count three to be 77 to 96 months' imprisonment and on count two to be 84 months' consecutive imprisonment. See PSR Am. at 1;

[D.E. 60] 1.   After considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), Judge Boyle sentenced Boddie to 60 months' imprisonment on count one and count three and 84 months' consecutive imprisonment on count two for a total of 144 months' imprisonment.   See [D.E. 58]; [D.E. 59] 3.   Boddie appealed [D.E. 61].   On November 2, 2023, the Fourth Circuit affirmed the court's judgment [D.E. 67, 68].

On April 14, 2025, Boddie, proceeding pro se, moved for compassionate release under the First Step Act [D.E. 73].   On August 25, 2025, the case was reassigned to this court [D.E. 74].   On March 11, 2026, the United States responded in opposition to Boddie's motion for compassionate release [D.E. 77] and filed exhibits [D.E. 77-1, 78].

II.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community.   18 U.S.C. § 3582(c)(1)(A); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020).   A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements.   See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,

2

whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See United States v. Washington, 161 F.4th 816, 818 (4th Cir. 2025); Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024); McCoy, 981 F.3d at 286 n.9.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's

3

individual circumstances. See U.S.S.G. § 1B1.13(b). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. U.S.S.G. § 1B1.13(e).

Boddie seeks compassionate release under section 3582(c)(1)(A). See [D.E. 73] 1. In support, Boddie argues that three extraordinary and compelling circumstances exist: (1) his medical conditions, (2) his parent's age, and (3) his rehabilitation efforts. See id.

On January 14, 2025, Boddie alleges that he submitted a written request to the warden at his federal facility. See id. Boddie does not discuss whether the warden received the request. The court assumes without deciding that the warden received the request and that 30 days have passed since the warden's receipt. Thus, the court addresses the merits of Boddie's motion.

As for Boddie's medical circumstances, the policy statement requires, in relevant part, that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" or that the defendant "is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(B)–(C). Boddie (age 52) states that he suffers from "low blood," and doctors "can[]not find where [his] blood is going," and his "red blood cells [are] fighting off something." [D.E. 73] 1. BOP medical staff diagnosed Boddie with iron deficiency anemia, thrombocytosis (elevated platelets), gastro-esophageal reflux disease (GERD), rheumatoid arthritis (RA), and abnormal lab results. [D.E. 78] 1. Boddie does not argue that these conditions impede his ability to provide self-care or that he cannot recover from these conditions. Cf. U.S.S.G. § 1B1.13(b)(1)(B).

4

BOP records show that the BOP continues to provide specialized care to treat Boddie's alleged conditions. Cf. U.S.S.G. § 1B1.13(b)(1)(C). For example, on November 4, 2025, a gastroenterology specialist evaluated Boddie. See [D.E. 78] 42. The specialist noted that "[l]aboratory tests indicate anemia and potential bleeding from the gastrointestinal tract." Id. In her assessment and plan for Boddie, the specialist addressed how she plans to treat each of Boddie's alleged ailments: (1) Iron deficiency anemia: "Plan to perform upper and lower endoscopy to identify potential sources of gastrointestinal bleeding;" (2) Thrombocytosis: "Monitor platelet levels and assess for any underlying causes during the endoscopic evaluation;" and (3) Gastrointestinal Bleeding: "Proceed with [endoscopy] and colonoscopy to determine the cause of bleeding and address any findings accordingly." Id. at 44. The specialist placed the orders for Boddie's endoscopy and colonoscopy. See id. at 40–41, 45. Boddie continues to receive specialized medical care from the BOP to identify and treat his conditions. Thus, Boddie fails to demonstrate that his condition inhibits his ability to provide self-care in his correctional facility or that he is not being provided adequate medical care in custody. See, e.g., United States v. Worrell, No. 6:24-CR-552, 2025 WL 3268305, at *3–4 (D.S.C. Nov. 24, 2025) (unpublished); United States v. Barnhart, 704 F. Supp. 3d 679, 682–85 (W.D. Va. 2023). Accordingly, reducing Boddie's sentence because of his alleged medical condition does not comport with U.S.S.G. § 1B1.13(b)(1)(B)–(C).

As for family circumstances, under section 1B1.13(b)(3), "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" can constitute an extraordinary and compelling reason. See U.S.S.G. § 1B1.13(b)(3)(C). Boddie argues that his "mom and dad [are] in the[ir] 70s [sic]," and Boddie wants "to see them again before it is to[o] late." [D.E. 73] 1. Boddie does not argue that either parent is incapacitated or

5

that, if they were, Boddie is the only available caregiver. Cf. U.S.S.G. § 1B1.13(b)(3)(C). Boddie's desire to be out of prison to see his parents due to their age does not constitute an extraordinary and compelling reason under section 1B1.13(b)(3)(C).

As for the other reasons policy statement, Boddie argues that he has no prison infractions, has a job in prison, finished the challenge program, attended the GED program, and has remained sober in prison. See [D.E. 73] 1. Although the court considers Boddie's post-sentencing conduct, his rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); Davis, 99 F.4th at 659; McCoy, 981 F.3d at 286 n.9. Thus, Boddie does not satisfy section 1B1.13(b)(5), and he fails to allege an extraordinary and compelling reason under section 3582(c)(1)(A).

Alternatively, even if Boddie sufficiently alleged an extraordinary and compelling reason under section 3582(c)(1)(A), the section 3553(a) factors counsel against granting Boddie's motion for compassionate release. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32. Boddie is 52 years old and engaged in serious criminal conduct. See PSR ¶¶ 8–14. On April 15, 2019, Boddie robbed the AT&T store located at 4551 New Bern Avenue in Raleigh, North Carolina. See id. ¶ 8. Specifically, Boddie entered the AT&T store and inquired about an iPhone with an AT&T employee (R.H.). See id. Boddie then brandished a firearm at R.H. and forced R.H., at gunpoint, to enter the store's storage room. See id. R.H. gave Boddie eight iPhones, an Alcatel Tetra, and a GPS tracker. See id. Boddie took the items and fled. See id. Law enforcement officers responded to the area surrounding the AT&T store, and an officer observed a vehicle swerving through traffic, crossing a double yellow line, and running a red light. See id. ¶ 9. Once the officer caught up to the vehicle, the vehicle was abandoned on the side of the road. See id. The officer recovered the stolen cellphones and GPS unit from the

6

vehicle. See id. The officer also discovered a loaded firearm with 12 rounds of ammunition wrapped in a shirt located between the vehicle and the guardrail on the side of the road. See id. Later that day, law enforcement arrested Boddie, who confessed to his involvement in the robbery. See id. ¶ 11. Additionally, officers discovered that the loaded firearm found outside the vehicle (which was verified as the firearm used in the robbery) was stolen. See id. ¶¶ 9, 12.

Boddie has a horrifying criminal history. See PSR ¶¶ 19–57. When he committed the federal offenses, Boddie had 25 felony convictions, including convictions for common law robbery, larceny from a person, larceny of a motor vehicle, possession of cocaine, possession with intent to sell or deliver cocaine, delivering cocaine, breaking or entering, and breaking or entering a motor vehicle.[1] See id. ¶¶ 21–22, 26, 28, 47–50, 52–57. Additionally, Boddie has 33 misdemeanor convictions, including convictions for assault on a female, larceny, resisting a public officer, possession of drug paraphernalia, possession of marijuana, shoplifting concealment of goods, injury to real property, trespassing, and communicating threats. See id. ¶¶ 19–20, 23–25, 27, 29–46, 51. Boddie's criminal history started in 1993 and includes drug offenses and violence. See id. ¶¶ 19–57.

Boddie has made some positive efforts while federally incarcerated. Boddie has no prison infractions, maintains a job in prison, finished the challenge program, attended the GED program, and has allegedly remained sober. See [D.E. 73] 1; [D.E. 77-1]. The court, however, expects good behavior from all inmates in federal prison, and Boddie's positive efforts do not outweigh Boddie's serious criminal conduct and abysmal criminal history.

---

[1] Notably, Boddie has 13 felony convictions for breaking or entering a motor vehicle. See id. ¶¶ 49, 54–57.

Having considered the entire record, the section 3553(a) factors, Boddie's arguments, and the need to punish Boddie for his serious criminal behavior, to incapacitate Boddie, to promote respect for the law, to deter others, and to protect society, the court denies Boddie's motion for compassionate release. See, e.g., Concepcion v. United States, 597 U.S. 481, 498–501 (2022); Chavez-Meza v. United States, 585 U.S. 109, 117–20 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); Washington, 161 F.4th at 818; United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. Troy, 64 F.4th 177, 185 (4th Cir. 2023); United States v. Reed, 58 F.4th 816, 821–24 (4th Cir. 2023); United States v. Roane, 51 F.4th 541, 551–52 (4th Cir. 2022); Hargrove, 30 F.4th at 198–200; Kibble, 992 F.3d at 331–32; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motions for a compassionate release [D.E. 73].

SO ORDERED. This 14 day of May, 2026.

JAMES C. DEVER III
United States District Judge

8